IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WILLETT and AMBER FOSSE,
on behalf of themselves and all others similarly situated,

    Plaintiffs

v.

REDFLEX TRAFFIC SYSTEMS, INC. and
CREDITWATCH SERVICES LTD.

    Defendants.

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This action seeks redress for Defendants' intrusive and harmful robocalls to Plaintiffs and the members of the proposed Class. The actions of Redflex Traffic Systems ("Redflex") and Creditwatch Services Ltd. ("Creditwatch") (hereinafter referred to jointly as "Defendants") are in direct contravention of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and injured Plaintiffs and the proposed class members.

2. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

3. The TCPA thus makes it unlawful to make any call using a "pre-recorded voice" to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent" of the called party. 47 U.S.C. §

1

227(b)(1)(A)(iii).

4. As described below, Creditwatch, a collection agency, used a prerecorded voice to place debt collection robocalls to the cellular telephone numbers of Plaintiffs and the proposed class members without their prior express consent on behalf of Redflex.

5. In 2007, the Federal Communications Commission ("FCC"), which is the agency in which Congress vested rulemaking authority to implement the TCPA, issued a declaratory ruling emphasizing that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call....A third party collector may also be liable for a violation of the Commission's rules.") *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877 (Dec. 28, 2007)("2007 TCPA Order").

6. As all of Creditwatch's robocalls to Plaintiffs and the proposed class members were placed on behalf of Redflex, Defendants are thus jointly liable for the resulting violations of the TCPA.

7. Defendants caused Plaintiffs and the proposed class members actual harm, not only because such calls are a nuisance as recognized by Congress, but also because cellular telephone service providers charge for incoming calls, and because such calls diminish battery life and data storage capacity.

2

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this claim arises under the TCPA, a federal law.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Planitiffs reside in this District, Defendants both transacted business hereand the actions that gave rise to this lawsuit occurred in and resulted in damages that were felt in this District.

## PARTIES

10. Plaintiff David Willett ("Willett") is, and at all times mentioned herein was, an individual citizen of the State of New Mexico, who resides in the district.

11. Plaintiff Amber Fosse ("Fosse") is, and at all times mentioned herein was, an individual citizen of the State of New Mexico, who resides in the district.

12. Redflex is a Delaware corporation, with a principal place of business at 23751 N. 23rd Ave, Suite 150, Phoenix, Arizona 85085, which provides camera based traffic monitoring services to various municipalities throughout the United States and engages in the business of debt collection.

13. Creditwatch is an Ohio corporation, with a principal place of business at 4690 Diplomacy Rd., Suite 100, Fort Worth, Texas 76155, which engages in the business of debt collection.

## FACTS

14. In or around 2005, the City of Albuquerque contracted with Redflex to install and manage traffic light cameras designed to monitor traffic violations in the City.

15. In or around 2012, the City of Albuquerque assigned to Redflex the right to

collect any and all municipal fines resulting from the traffic violations evidenced by Redflex's cameras.

16. In or around 2012, Redflex hired Creditwatch to assist in the collection of those fines and place robocalls to the persons alleged to owe them on Redflex's behalf.

17. According to Creditwatch, there are approximately 89,000 individuals who are alleged to owe such a fine. *See* http://www.creditwatchservices.com/#!consumer-projecs/c1yju

18. In order to facilitate collection, Creditwatch obtained the names and addresses of the persons alleged to owe the fines from motor vehicle registrations and then used that information to "skip trace" their telephone numbers from third party private records databases, all unbeknownst to the persons alleged to owe the fines. *See* http://www.creditwatchservices.com/#!redflex/ctqq

19. Creditwatch then placed robocalls conveying prerecorded messages to the telephone numbers it had obtained, including to Plaintiffs' cellular telephone numbers, on Redflex's behalf.

20. One such prerecorded message placed to Willett's cellular telephone number states:

> This is a special offer from Red Flex for David Willett. Creditwatch Services is calling for David Willett to discuss a potential civil citation on file in your name, and a special offer to reduce the fines and penalties for the citation. If this is David Willett, please call us at 877-444-3343. Our hours are Monday through Friday from 8:00a.m. to 5:00p.m. and Saturday from 8:30a.m. to 1:30 p.m. local Albuquerque time. So call 877-444-3343.

21. Creditwatch placed approximately 19 such calls to Willett's cellular telephone number on behalf of Redflex between February and June of 2013.

22. Another prerecorded message placed to Fosse's cellular telephone number states:

4

This is a special offer from Red Flex for Amber Fosse. Creditwatch Services is calling for Amber Fosse to discuss a potential civil citation on file in your name, and a special offer to reduce the fines and penalties for the citation. If this is Amber Fosse, please call us at 877-444-3343. Our hours are Monday through Friday from 8:00a.m. to 5:00p.m. and Saturday from 8:30a.m. to 1:30 p.m. local Albuquerque time. So call 877-444-3343.

23. Creditwatch placed approximately 7 such calls to Fosse's cellular telephone number between May and June of 2013.

24. Neither Plaintiffs nor the proposed class members ever expressly consented to receive robocalls on their cellular telephone numbers regarding the alleged fines.

25. All of Creditwatch's robocalls to Plaintiffs and the proposed class members were placed on behalf of Redflex. Redflex is therefore liable for the resulting violations of the TCPA. *See* 2007 TCPA Order.

26. Redfflex is also vicariously liable for the robocalls through ratification and/or apparent authority. At all relevant times, Redflex knew or should have known that Creditwatch Services was robocalling cellular telephone numbers without prior express consent of the called party in order to collect the alleged fines on its behalf. Redflex reaped the benefits of Creditwatch's illegal robocalling practices by obtaining payments resulting from those robocalls.

## CLASS ALLEGATIONS

27. Plaintiff brings this claim on behalf of a Class, subject to amendment, that consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Creditwatch placed a non-emergency telephone call (4) using a prerecorded voice (5) on behalf of Redflex (6) within the 4 years preceding the filing of the complaint (7) after obtaining the cellular telephone number from a third party database.

28. Plaintiffs are members of the Class and seek to represent the Class.

29. Plaintiffs do not know the exact number of members in the Class, but based upon

representations made by Creditwatch, Plaintiffs reasonably believes that the Class includes approximately 50,000 members.

30. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Redflex is liable for Creditwatch's robocalls;

    b. Whether Creditwatch used a "prerecorded voice" in the robocalls at issue;

    c. Whether the violations of the TCPA were willful such that treble damages are appropriate.

31. As persons who have received repeated robocalls from Defendants without giving their prior express consent, Plaintiffs asserts claims that are typical of the members of the class. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class or sub-classes.

32. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

33. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Creditwatch and Redflex.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of

the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

35. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### COUNT I – VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

36. Plaintiffs incorporate the above factual allegations herein.

37. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to...cellular telephone service..." *See also* 47 C.F.R. § 64.1200(a)(1)(iii).

38. Creditwatch and Redflex are jointly liable for the robocalls at issue as Creditwatch placed the calls on behalf of Redflex. *See* 2007 TCPA Order.

39. In addition, Redflex is vicariously liable for the robocalls through ratification and/or apparent authority. At all relevant times, Redflex knew or should have known that Creditwatch Services was robocalling cellular telephone numbers without prior express consent of the called party in order to collect the alleged fines on its behalf. Redflex nevertheless reaped the benefits of Creditwatch's illegal robocalling practices by obtaining payments resulting from those robocalls.

7

40. As a result of Defendants' illegal conduct, the members of the class suffered actual injury, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA, or $1500 in damages for each such violation of the TCPA if the actions that led to the violations are determined to have been willful.

41. Plaintiffs and the class members are also entitled to and do seek injunctive relief prohibiting defendants' violation of the TCPA in the future.

## JURY DEMAND

42. Plaintiffs request a six person jury for all claims.

## REQUEST FOR RELIEF

Plaintiffs request that the Court:

A. Certify the Class;

B. Award statutory damages pursuant to 47 U.S.C. § 227(b)(3) and treble damages for any willful violations;

C. Award injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

D. Award attorney fees and costs; and

E. Award such other relief as the Court deems just and proper.

Respectfully submitted:

TREINEN LAW OFFICE PC

_____
ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico
(505) 247-1980
(505) 843-7129 (fax)