IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WILLETT and AMBER FOSSE,
on behalf of themselves and all others similarly situated,

    Plaintiffs

v.                                                                        No. 1:13-cv-1241 CG/RHS

REDFLEX TRAFFIC SYSTEMS, INC. and
CREDITWATCH SERVICES LTD.

    Defendants.

## MOTION FOR CLASS CERTIFICATION AND DISCOVERY

Plaintiffs David Willett and Amber Fosse (jointly hereafter referred to as "Plaintiffs") respectfully request this Court to allow Plaintiffs to file a memorandum in support of this motion after taking class discovery, certify that the claims set forth in their Complaint may proceed on behalf of the Class defined below, appoint Plaintiffs as class representatives, and appoint their attorneys as counsel for the class. In support hereof, Plaintiffs state:

**I.**     **Plaintiffs File this Motion Early to Preserve The Class Claims**

This motion is being filed contemporaneously with the complaint out of an abundance of caution to "protect the putative class from attempts to buy off the named plaintiff." *Damasco v. Clearwire*, 662 F.3d 891, 896 (7th Cir. 2011). Tenth Circuit precedent generally rejects attempts to moot class claims by offering full relief to the named plaintiff, but leaves open the possibility of this tactic being successful in some limited circumstances. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("[A] named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can

1

reasonably be expected to rule on the class certification motion."), *but see Clark v. State Farm Mutual Auto. Insur. Co.*, 590 F.3d 1134, 1139 (10th Cir. 2009) ("[W]here the plaintiff has had ample time to file the class certification motion, district courts adhere to the general rule that the mooting of a named plaintiff's claim prior to class certification moots the entire case.")

Therefore, out of an abundance of caution, Plaintiffs follow guidance provided by the 7th Circuit, which has held that "class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation..." *Damasco*, 662 F.3d at 896.

Plaintiffs therefore respectfully request leave to file a memorandum in support of this motion after taking discovery related to the class. *See Walker v. World Tire Co.*, 563 F.2d 918, 921 (8th Cir. 1977)("the parties must be afforded the opportunity to discover and present documentary evidence on the class issue"); *Damasco*, 662 F.3d at 897 ("a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")

## II. Nature of the Case and the Proposed Class

This action seeks redress for Defendants' intrusive and nuisance robocalls to Plaintiffs and the members of the proposed Class. The actions of Redflex Traffic Systems ("Redflex") and Creditwatch Services Ltd. ("Creditwatch") (hereinafter referred to jointly as "Defendants") are in direct contravention of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and injured Plaintiffs and the proposed class members.

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744 (2012). The 7th Circuit has stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
> *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir.2012).[1]

The TCPA thus makes it unlawful to make any call using a "pre-recorded voice" to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

Redflex hired Creditwatch, a collection agency, to place robocalls to the cellular telephone numbers of Plaintiffs and the proposed class members in order to collect municipal fines allegedly owed as a result of traffic violations in the city of Albuquerque.  Neither Plaintiff nor the class members provided their cellular telephone numbers to Redflex or Creditwatch, and did not otherwise consent to receive robocalls from Creditwatch.  Instead, Defendants obtained their cellular telephone numbers from third party "skip-tracers" unbeknownst to Plaintiff and the class members.

In 2007, the Federal Communications Commission ("FCC"), which is the agency in which Congress vested rulemaking authority to implement the TCPA, issued a declaratory ruling emphasizing that both the creditor and the third party debt collector may be held liable under the

---

[1] Congress found that "pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.

TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call....A third party collector may also be liable for a violation of the Commission's rules.") *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*; Request of ACA International for Clarification and Declaratory Ruling, CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877 (Dec. 28, 2007)("2007 TCPA Order"). As all of Creditwatch's robocalls to Plaintiffs and the proposed class members were placed on behalf of Redflex, Defendants are thus jointly liable for the resulting violations of the TCPA.

Plaintiffs define the class, subject to amendment, as follows:

> (1) All persons in the United States (2) to whose cellular telephone number (3) Creditwatch placed a non-emergency telephone call (4) using a prerecorded voice (5) on behalf of Redflex (6) within the 4 years preceding the filing of the complaint (7) after obtaining the cellular telephone number from a third party database.

The evidence obtained after discovery will firmly establish that this class meets all of the requirements for class certification. Yet even at this stage, it is clear that class certification is appropriate.

### III.  Requirements for Class Certification

The class is so numerous that joinder of all members is impractical. Fed.R.Civ.P. 23(a)(1). It is not necessary at this point that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). According to Creditwatch, it is pursuing approximately 89,000 individuals alleged to owe such a municipal fine. *See* http://www.creditwatchservices.com/#!consumer-projecs/c1yju.

There are numerous questions of fact or law common to the Class, which predominate over any questions affecting individual members. Fed.R.Civ.P. 23(a)(2). Those common questions of law and fact include, but are not limited to:

    a.    Whether Redflex is liable for Creditwatch's robocalls;

    b.    Whether Creditwatch used a "prerecorded voice" in the robocalls at issue;

    c.    Whether the violations of the TCPA were willful such that treble damages are appropriate.

Plaintiffs' claims are typical of the class, as they all arise from the same conduct (unwanted robocalls) and seek the same relief (statutory damages and injunctive relief under the TCPA). Fed.R.Civ.P. 23(a)(3).

Plaintiffs will fairly and adequately protect the interests of the members of the class. Fed.R.Civ.P. 23(a)(4). They have no conflicting interests with the class, are seeking relief on the behalf of members of the class, and have retained counsel who are experienced in pursuing class actions on behalf of consumers under the TCPA. Counsel's affidavits are attached as *Exhibit 1*.

A class action is a superior method for the fair and efficient adjudication of this case. Fed.R.Civ.P. 23(b)(3). The claims are shared by thousands of consumers. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members did not provide the prior express consent required under the statute to authorize the calls.

Finally, Defendants have acted on grounds generally applicable to the Class, thereby

making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Fed.R.Civ.P. 23(b)(2).  The TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiffs respectfully request that this Court allow Plaintiffs to file a memorandum in support of this motion after taking class discovery, enter an order certifying that this action may proceed on behalf of a class, appoint Plaintiffs as class representatives, and appoint their lawyers as counsel for the class.

Respectfully submitted:

TREINEN LAW OFFICE PC

_____
ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico
(505) 247-1980
(505) 843-7129 (fax)