# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WILLETT and AMBER FOSSE,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

v.                                      No. 1:13-cv-01241-JCH/RHS

REDFLEX TRAFFIC SYSTEMS, INC. and
CREDITWATCH SERVICES LTD.

        Defendants.

**REDFLEX'S SURREPLY IN RESPONSE TO
PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

       Plaintiffs' Reply in support of their Motion to Compel [Dkt. 57] seeks entirely new relief. Plaintiffs argue the Court should compel not only Redflex's production of additional documents, but production of ***all*** documents (even those Redflex already agreed to produce) within 10 days. *See* Pls.' Reply at 10-12.  If plaintiffs thought the Federal Rules mandated immediate production they could have asked for that relief in their motion and Redflex could have explained why immediate production of all documents is neither reasonable nor feasible.  They did not.  The Court should not allow plaintiffs to drastically alter the relief they seek in a Reply brief.

       Plaintiffs' request for immediate production is unreasonable under the circumstances of this case.  Plaintiffs' document requests have required Redflex to collect and process well over 30,000 documents, which Redflex is reviewing for responsiveness, privilege, and confidentiality.  That type of review takes time—certainly more than the 10 days plaintiffs suddenly demand in their Reply.  Indeed, Redflex's review of several thousand documents to date reveals only a handful of relevant documents.  The vast majority of the documents reviewed contain search terms plaintiffs requested, but have no relevance to any party's claims or defenses and are not reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ.

1

P. 26(b)(1).  Redflex will meet and confer with plaintiffs to discuss ways to narrow this significant volume of documents to keep discovery costs down, while also ensuring that plaintiffs obtain relevant and responsive documents.

Similarly, plaintiffs contend for the first time on Reply that Redflex's document production is late, because it was not provided within 30 days of service of plaintiffs' document requests.  Pls.' Reply at 11-12.  Plaintiffs misconstrue the Federal Rules, which *do not* require production of documents on the date the written responses are due.  *Compare* Pls.' Reply at 12 (stating that "[t]he discovery rules specify that Redflex's documents should have been produced within 30 days," citing Federal Rule 34(b)(1)(B) and (2)(A)), *with* Fed. R. Civ. P. 34(b)(1)(B) (a party's document request "must specify a reasonable time, place, and manner for the inspection and for performing the related acts"), *and* Fed. R. Civ. P. 34(b)(2)(A) ("*Time to Respond.*  The party to whom the request is directed must respond *in writing* within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.") (emphasis added).  In fact, the Federal Rules are silent as to production deadlines because the timing of a document production depends on myriad factors the rules cannot foresee.

Redflex is working diligently to collect, process, review, and produce documents responsive to plaintiffs' requests.  The Court should decline plaintiffs' new request for a complete document production in 10 days, which is not feasible, would certainly be prohibitively expensive for Redflex, and violates the spirit and intent of the Rules.  *See* Fed. R. Civ. P. 1.

DATED this 13th day of June, 2014.

        DAVIS WRIGHT TREMAINE LLP

        By:  *s/ Candice M. Tewell*
        Kenneth E. Payson, *Admitted pro hac vice*
        Candice M. Tewell, *Admitted pro hac vice*
        1201 Third Avenue, Suite 2200
        Seattle, Washington 98101-3045
        Telephone:  206.622.3150
        Facsimile:  206.757.7700

        kenpayson@dwt.com
        candicetewell@dwt.com

      MODRALL, SPERLING, ROEHL, HARRIS
       & SISK, P.A.

       Jennifer G. Anderson
       Nathan T. Nieman
       500 Fourth Street NW, Suite 1000 (87102)
       P.O. Box 2168
       Albuquerque, NM 87103-2168
       Telephone: 505.848.1800
       Facsimile:  505.848.1899
       jga@modrall.com
       ntn@modrall.com

      *Attorneys for Defendant Redflex Traffic Systems, Inc.*