IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WILLETT and AMBER FOSSE,
on behalf of themselves and all others similarly situated,

        Plaintiffs                                          No. 1:13-cv-1241 JCH/RHS

v.

REDFLEX TRAFFIC SYSTEMS, INC. and
CREDITWATCH SERVICES LTD.

        Defendants.

## PLAINTIFFS' RESPONSE TO REDFLEX'S MOTION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

In order to avoid further delay, Plaintiffs David Willett and Amber Fosse ("Plaintiffs") do not oppose the filing of Defendant Redflex Traffic Systems, Inc.'s ("Redflex") proposed surreply (Docket No. 61-1, filed 6/13/13) concerning Plaintiffs' pending motion to compel discovery directed at Redflex (Docket No. 44, filed 5/8/14), but wish to respond briefly as follows:[1]

Redflex seeks delay upon delay upon delay. On March 14, 2014, Plaintiffs served their First Set of Discovery on Redflex. Docket No. 34 filed 3/14/14 (Certificate of Service). It is now three months later. **Redflex has still not produced any documents, except for one from which it redacted the very information requested.** See Docket No. 57-1 filed 6/10/14 (only document that has been produced to date).

Redflex now pretends that it did not know that Plaintiffs were seeking the immediate production of all requested documents until Plaintiffs filed their reply brief. This is unbelievable. Plaintiffs' **initial motion repeatedly and explicitly requests that relief** (Docket No. 44 filed 5/8/14

---

[1] Redflex never provided its Proposed Surreply to Plaintiffs for their review before filing the instant motion. Instead, Redflex asked Plaintiffs to respond within hours as to whether they would oppose a surreply of unknown content. Exhibit 1, Email from Redflex's Counsel dated 6/12/14.

1

at 1, 18 – requesting production of documents within 10 days of the Court's order) and Plaintiffs reiterated to Redflex that they wanted the production *before Redflex even filed its response*. See *Exhibit 2 – Email to Redflex's Counsel* dated 5/22/14.

The Federal Rules of Civil Procedure allow Plaintiffs to specify when documents must be produced. FRCP 34(b)((1)(B). In Plaintiffs' First Set of Discovery to Redflex, Plaintiffs expressly stated that responsive documents "should be produced and delivered to the undersigned counsel on the date the response is due," or, in other words, 30 days after service, which was April 14, 2014. *Exhibit 3 – Discovery Requests* at p. 1. Redflex's production is now two months late.

Redflex's surreply argues for the first time that it cannot possibly produce documents 10 days after the Court orders it to do so because it is dealing with 30,000 documents. Docket No. 61-1 filed 6/13/14 at 2. However, Redflex ignores that it has already had three months to review these documents and will have additional time before the Court orders whatever the Court decides to order. Even if Redflex's staff and the two large law firms that are representing Redflex could only collectively get through 330 documents per day, they should have already finished their review.

Redflex's motion for surreply is plainly just another tactic in its campaign of delay. This continuing delay is highly prejudicial to Plaintiffs given that the Court has ordered Plaintiffs to file the Motion for Class Certification by August 22, 2014. Docket No. 33 filed 3/13/14 (Scheduling Order).

Respectfully submitted,

*/s/ Rob Treinen*

ROB TREINEN
TREINEN LAW OFFICE PC
500 Tijeras Ave NW
Albuquerque, New Mexico
(505) 247-1980
(505) 843-7129 (fax)

Keith J. Keogh  
Timothy J. Sostrin  
KEOGH LAW LTD.  
55 W. Monroe, Suite 3390  
Chicago, Illinois 60603  
(312) 265-3258  
(312) 726-1093 (fax)  
keith@keoghlaw.com  
tsostrin@keoghlaw.com  

*Attorneys for Plaintiffs*

I certify that a copy of the foregoing pleading was served via U.S. Mail to Jennifer G. Anderson and Nathan T. Nieman, attorneys for Defendant Redflex Traffic Systems, Inc., at Modrall Sperling Roehl Harris & Sisk PA, P.O. Box 2168, Albuquerque, New Mexico 87103-2168; to Kenneth Payson and Candice Tewell, attorneys for Defendant Redflex Traffic Systems, Inc., at Davis Wright Tremaine LLP, 1201 Third Ave., Suite 2200, Seattle, Washington 98101-3045; to Aaron Viets, attorney for Defendant Creditwatch Services Ltd., at Rodey Law Firm, 201 Third St. NW, Suite 2200, Albuquerque, New Mexico 81707; and to David M. Schultz and Todd Stelter, attorneys for Defendant Creditwatch Services Ltd., at Hinshaw & Culbertson LLP, 222 N. LaSalle St., Suite 300, Chicago, Illinois 60601, on June 17, 2014.

*/s/ Rob Treinen*
_____
Rob Treinen