# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WILLETT and AMBER FOSSE,
on behalf of themselves and all others similarly situated,

        Plaintiffs                                No. 1:13-cv-1241 CG/RHS

v.

REDFLEX TRAFFIC SYSTEMS, INC. and
CREDITWATCH SERVICES LTD.

        Defendants.

## FIRST SET OF WRITTEN DISCOVERY REQUESTS TO REDFLEX TRAFFIC SYSTEMS, INC.

Plaintiff David Willet ("Plaintiff") requests that Defendant Redflex Traffic Systems, Inc. ("Redflex," "You," or "Defendant") respond to the following requests for admission interrogatories, and document requests within 30 days of service. Responsive documents should be produced and delivered to the undersigned counsel on the date the response is due.

### I. INSTRUCTIONS AND DEFINITIONS

1. Unless otherwise specified in a particular paragraph, the time period covered by these requests is December 30, 2010 to the present.

2. If any paragraph of this request is believed to be vague, ambiguous, overly broad, irrelevant, or unduly burdensome, please contact the undersigned and an effort will be made to remedy the issue.

3. To the extent any paragraph is objected to, please set forth all reasons and support for your objection.

1

4.  If you decline to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

5.  All documents within your possession, custody, or control or that of your agents, employees, and attorneys should be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

6.  If any document requested was, but no longer is, in REDFLEX's possession or subject to REDFLEX's control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

7.  To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

8.  Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

9.  The Telephone Consumer Protection Act, 47 U.S.C. §227 et seq., shall hereafter be referred to as "TCPA."

10. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

11. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

12. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

13. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, occupation, and current employer, and if a corporation or other entity, the principal place of business of the person.

14. "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

15. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

16. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

17. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

18. "Skip-Tracing Service" means any service that provides contact information and location information for individuals.

19. All other words not specifically defined herein shall be defined as found in the Merriam-Webster Dictionary at http://www.merriam-webster.com/.

## REQUESTS FOR ADMISSION

1. You hired Creditwatch Services, LTD ("CREDITWATCH") to collect municipal fines on your behalf.

2. You authorized CREDITWATCH to place telephone calls to cellular telephone numbers in order to collect those municipal fines.

3. You knew that CREDITWATCH was placing telephone calls to cellular telephone numbers in order to collect those municipal fines.

4. You authorized CREDITWATCH to place telephone calls using an artificial or pre-recorded voice to cellular telephone numbers in order to collect those municipal fines.

5. You knew that CREDITWATCH was placing telephone calls using an artificial or prerecorded voice to cellular telephone numbers in order to collect those municipal fines.

6. You authorized CREDITWATCH to place telephone calls using an artificial or pre-recorded voice to cellular telephone numbers that it obtained from a skip-tracing service in order to collect those municipal fines.

7. You knew that CREDITWATCH was placing telephone calls using an artificial or prerecorded voice to cellular telephone numbers that it obtained from a skip-tracing service in order to collect those municipal fines.

## INTERROGATORIES

1. Identify each person that provided information or documents used to answer any of the discovery requests herein and the corresponding requests for which such information or documents was used.

5

2. Identify all persons allegedly owing a municipal fine that you authorized CREDITWATCH to call or to otherwise make efforts to collect from in order to collect that fine.

3. Identify all telephone numbers associated with the persons responsive to interrogatory no. 2 as reflected in your records and identify the source from which you obtained those telephone numbers.

4. If you contend that any person responsive to interrogatory no. 2 provided prior express consent to receive telephone calls from CREDITWATCH, please explain with specificity the basis for such contention for each such person, including citation to the bates number of all documentary evidence you contend supports such contention.

5. Identify and explain all of your policies, practices, and procedures that relate to compliance with the TCPA, including but not limited to the use of autodialers, artificial or pre-recorded voices, the placement of calls to cellular telephone numbers, the use of skip-tracing services, and the issue of prior express consent.

6. With respect to each expert, retained or not retained, whom you will or may call upon to give evidence or testimony in connection with this case, please provide: (a) an identification of the expert, (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) a description of each document provided to the expert; (e) the substance of all facts and opinions to which he could testify if called as a witness; (f) a summary of the grounds for each such opinion.

7. State the factual basis for each of the Affirmative Defense Defendant intends to raise or has raised in this lawsuit.

8. Identify, describe, and define all databases and database tables containing any data responsive to these discovery requests, and any third parties housing that data.

9. Identify all persons having substantial knowledge about your agreements with the City of Albuquerque and your agreements with CREDITWATCH.

10. Identify all persons responsible for ongoing relations with CREDITWATCH.

11. Identify all steps you took to monitor or control CREDITWACH's activities on your behalf.

12. Identify the total amount of payments you have obtained as a result of CREDITWATCH's services on your behalf relating to red lights tickets issued by the City of Albuquerque.

13. Identify the total amount of payments you have obtained as a result of CREDITWATCH's services on your behalf.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. All documents containing any information responsive to the above stated interrogatories.

2. All documents relating to plaintiff David Willett, or which are indexed, filed or retrievable under his name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to his name or telephone number.

3. All documents relating to plaintiff Amber Fosse, or which are indexed, filed or retrievable under his name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to her name or telephone number.

4. All documents that identify the persons responsive to interrogatory no. 2,

including any such documents provided to you by the City of Albuquerque.

5. All documents that identify the sources from which you obtained any telephone numbers associated with the persons responsive to interrogatory no. 2.

6. All documents, data or things showing that the plaintiffs, or any persons responsive to interrogatory no. 2, provided prior express consent to receive telephone calls on a cellular telephone from REDFLEX.

7. All documents reflecting the outgoing calls that CREDITWATCH made to the plaintiffs, and the persons responsive to interrogatory no. 2.

8. All of your communications with CREDITWATCH.

9. Please do a manual and computer search (irrespective of date) for, and provide all documents, emails or things in your possession that mention, the following specific terms:

    a. "Telephone Consumer Protection Act";

    b. "TCPA";

    c. "autodialer";

    d. "auto" within 5 words of "dial";

    e. "predictive dialer";

    f. "artificial";

    g. "prerecorded".

10. All agreements and communications with third parties concerning this lawsuit.

11. All agreements with the City of Albuquerque regarding the collection of municipal fines.

12. All agreements with CREDITWATCH regarding the collection of municipal fines.

13. All documents that contain or describe your policies, practices, and procedures that relate to compliance with the TCPA, including but not limited to the use of autodialers, artificial or pre-recorded voices, the placement of calls to cellular telephone numbers, the use of skip-tracing services, and the issue of prior express consent.

14. All documents (irrespective of date) relating to any judicial or administrative proceeding or any other claim against defendant in which defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities, where the accusation concerns telephone calls to cellular phones.

15. All documents (irrespective of date) which constitute or reference communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, the Consumer Financial Protection Bureau, a Better Business Bureau or newspaper column), relating to telephone calls to cellular phones.

16. All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

17. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

18. All documents setting forth defendant's document destruction and retention policies or any changes made to the same since December 30, 2010

19. If Defendant contends either Plaintiff or any putative class member consented to receive the placement of calls to his or her cellular telephone, produce all documents evidencing that consent.

20. All documents that identify or describe any actions you took to monitor or control the activities of CREDITWATCH on your behalf.

21. All documents that Defendant reviewed or relied upon in answering the Interrogatories or Request to Admit Plaintiff directed to Defendant.

22. All documents supporting or forming the factual basis for any affirmative defenses that REDFLEX intends to raise or has raised in this lawsuit.

23. All documents Defendant plans to introduce into evidence at trial or at any other proceeding in this lawsuit, including but not limited to, any hearing concerning class certification.

24. All documents Defendant plans to use for demonstrative purposes at trial or at any other proceeding in this lawsuit, including but not limited to, any hearing concerning class certification.

25. All documents Defendant plans to use for impeachment purposes at trial or at any other proceeding in this lawsuit, including but not limited to, any hearing concerning class certification.

26. All documents Defendant plans to use for rebuttal purposes at trial or at any other proceeding in this lawsuit, including but not limited to, any hearing concerning class certification.

27. All data dictionaries or other documents defining the column headings in any database table containing information responsive to these discovery requests.

28. All documents that have been provided to any expert whose identify is response to interrogatory no. 6.

Respectfully submitted,

/s/ Timothy J. Sostrin
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW LTD.
55 W. Monroe, Suite 3390
Chicago, Illinois 60603
(312) 265-3258
(312) 726-1093 (fax)
keith@keoghlaw.com
tsostrin@keoghlaw.com

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico
(505) 247-1980
(505) 843-7129 (fax)
*Attorneys for Plaintiffs*