IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WILLETT and
AMBER FOSSES, on behalf
of themselves and all others
similarly situated,

    Plaintiffs,

v.                                            No. 13-cv-1241 JCH/RHS

REDFLEX TRAFFIC SYSTEMS, INC.
and CREDITWATCH SERVICES, LTD.,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL DISCOVERY FROM REDFLEX TRAFFIC SYSTEMS**

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel Discovery From Defendant Redflex Traffic Systems (Doc. 44). The Court has now considered the Motion together with Defendant Redflex's Response (Doc. 52), Plaintiffs' Reply (Doc. 57), Redflex's Surreply (Doc. 61) as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the Motion should be granted in part and denied in part as more fully set forth herein.

**BACKGROUND**

In the instant lawsuit, Plaintiffs claim that they received nonconsensual robocalls on their cellular telephones which Defendants made in order to collect fines imposed by the City of Albuquerque for traffic violations. Plaintiffs seek relief under the Telephone Consumer Protection Act ("TCPA"). Defendant Redflex Traffic Systems (herein referred to as "Redflex") denies the allegations of Plaintiffs and states it is not vicariously liable for the actions of Defendant Creditwatch Services, Ltd. (herein referred to as "Creditwatch").

**PROCEDURAL HISTORY**

Plaintiffs filed their Complaint (Doc. 1) on December 30, 2013.  At the same time of the filing of their Complaint, Plaintiffs filed a Motion for Class Certification (Doc. 3).  The parties reached an agreement and stipulation under which Plaintiffs would withdraw their Motion for Class Certification and Defendants would not make any individual settlement offers or offers of judgment to Plaintiffs without seven (7) days advance written notice (Doc. 27).  This stipulation was reached to avoid any claim of mootness.

**DISCUSSION**

The parties are now involved in a discovery dispute concerning pre-trial certification of the potential Rule 23 class action. The discovery has little to do with Plaintiffs' individual merits claims and seems primarily structured to address class discovery to certify a TCPA collective action.  In broad terms, pre-certification discovery pertains to the requirements set forth in Rule 23 while merits discovery pertains to the strengths and weaknesses of claims and defenses. Mindful of the arguments and authorities propounded by the respective parties, the Court will grant in part and deny in part Plaintiffs' motion on the following matters:

   1.  Interrogatory No. 1: This interrogatory asks Redflex to identify each person that provided information or documents used to answer any of the discovery requests. Redflex argues that this information is protected by the work product doctrine.  "The Supreme Court has stated that, '[a]t its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" Republic of Ecuador v. For Issuance of A Subpoena Under 28 U.S.C. Sec. 1782 (a), 735 F.3d 1179, 1185 (10th Cir. 2013) (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)).  "We have said the

same: 'work product doctrine is intended only to guard against divulging the attorney's strategies or legal impressions.'" Id. (citing Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995)).  The Defendants in this cause are corporate entities and not individual persons.  In responding to discovery, Redflex signs responses through an officer or agent.  See Rule 33(b)((1)(B). Interrogatory No. 1 seeks the identity of individual(s) who actually supplied the responsive information. The Court concludes that Plaintiffs do not seek work product but rather a determination of who within Redflex has actual knowledge of the facts supporting the corporate response. The Motion should be granted as to Interrogatory No. 1.

    2. Interrogatory No. 2 and Request for Production No. 4: Interrogatory No. 2 asks Redflex to identify all persons allegedly owing a municipal fine that Redflex authorized Creditwatch to call or make efforts to collect the fine.  Request for Production No. 4 seeks documents used to identify the persons disclosed in Interrogatory No. 2.  Redlex has agreed to produce a spreadsheet of people and businesses owing fines to the City of Albuquerque due to unpaid traffic citations that Redflex provided to Creditwatch under their loss recovery services agreement, with names, street addresses and license plate numbers redacted (Doc. 52 at 11).  The Court concludes that documents agreed to be produced are adequate, however the redactions are not appropriate.  Redflex objects to including information relative to the identities of the putative class, however the Court finds that the names and contact information of the putative class are discoverable. Any further detailed information about putative class members is not discoverable at this time without a further showing of relevance.

    3. Interrogatory No. 3 and Request for Production No. 5: Interrogatory No. 2 and Request for Production No. 5 seek all telephone numbers associated with the persons responsive to Interrogatory No. 2 and the source from which the telephone numbers were obtained.  At this

time, the Court does not conclude that the telephone numbers of putative class members are relevant.

    4. <u>Interrogatory Nos. 12 and 13</u>: These Interrogatories seek the amount of compensation Redflex received as a result of Creditwatch's services.  Redflex agrees that the fact that payment was received is relevant but that the amount of payment(s) is not relevant at this time.  The specific amounts received by Redflex from Creditwatch does not appear on its face to bear on Redflex's alleged vicarious liability.  Therefore, the exact sums of money received by Redflex from Creditwatch is not relevant at this time.

    5. <u>Request for Production No. 7</u>: Request for Production No. 7 seeks documents reflecting outgoing calls Creditwatch made to the Plaintiffs and the persons responsive to Interrogatory No. 2.  Redflex argues that it does not possess these records and does not have a database of the numbers that were called.  Redflex acknowledges that it may have "individual communications that mention a call by Creditwatch."  The Court concludes that whatever responsive documents, records or database in the possession of Redflex must be produced and the name(s) of the person(s) providing the documentation must be provided.

    6. <u>Request for Production No. 8</u>: This Request is directed at all communications Redflex had with Creditwatch.  Redflex believes an agreement was reached with Plaintiffs at the meet and confer conference, however Plantiffs dispute that any agreements were ever reached on any subject. Whether an agreement was or was not reached cannot be easily determined.  The Court does find, however that the information sought under Request for Production No. 8 is discoverable excepting the funds received by Redflex which have been the subject of a foregoing decision.

7. <u>Request for Production No. 11</u>: This Request seeks all agreements with the City of Albuquerque regarding the collection of municipal fees.  Plaintiffs seem to acknowledge the agreement reached by the parties under which Redflex would produce all non-privileged agreements between Redflex and the City of Albuquerque related to collection processing of City of Albuquerque delinquent traffic violation accounts.  Plaintiffs complain that despite such an agreement, no documents have been produced.  The Court finds that the documents should be produced.

8. <u>Request for Production No. 12</u>:  This Request seeks all agreements between Redflex and Creditwatch.  There does not appear to be any dispute that an agreement was reached to produce  the responsive documents which consist of a single contract and a single amendment.  The dispute is that the documents have not been produced.

9. <u>Request for Production No. 20</u>: Request for Production No. 20 seeks all documents that identify or describe actions you took to monitor or control the activities of Creditwatch on your behalf.  Redflex objects to the form of the Request as relates to the phrase "any actions," "all" documents," and "relate to' a certain category.  The Court does not find these phrases overbroad, vague or ambiguous and concludes that the documents should be produced.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Discovery From Defendant Redflex Traffic Systems (Doc. 44) should be granted in part and denied in part as follows:

1.  The Motion to Compel response to Interrogatory No. 1 is granted.

2.  The Motion to Compel responses Interrogatory No 2 and Request for Production No. 4 is granted only to the extent of disclosing the name and contact information for the putative class members.

3. The Motion to Compel responses Interrogatory No. 3 and Request for Production No. 5 is denied at this time.

4. The Motion to Compel responses to Interrogatory Nos. 12 and 13 is denied.

5. The Motion to Compel Request for Production No. 7 is granted.

6. The Motion to Compel Request for Production No. 8 is granted with the exception of funds received by Redflex.

7. The Motion to Compel Request for Production No. 11 is granted.

8. The Motion to Compel Request for Production No 12 is granted.

9. The Motion to Compel Request for Production No. 20 is granted.

10. To the extent that the Motion is granted, full and complete responses are due on or before July 7, 2014.

11. Each party shall bear and pay their respective attorneys' fees.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE