IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID WILLETT; AMBER FOSSE; and
DESERT PAPER AND ENVELOPE
COMPANY, INC., on behalf of themselves
and all others similarly situated,**

      **Plaintiffs,**

v.     No. 1:13-cv-1241-JCH/LAM

**REDFLEX TRAFFIC SYSTEMS, INC.;
CREDITWATCH SERVICES LTD.;
CREDITWATCH OVERSIGHT LLC;
CWGP, LLC; and CREDIT CONTROL, LLC,**

      **Defendants.**

## ORDER FINDING AS MOOT MOTION FOR ENLARGEMENT OF TIME [*Doc. 181*]

**THIS MATTER** is before the Court on Defendants CWGP, LLC's and Credit Control, LLC's (hereinafter "Defendants") *Motion for Enlargement of Time (Doc. 181)*, filed March 6, 2015. Plaintiffs filed a response to the motion on March 23, 2015 [*Doc. 185*]. No reply has been filed and the time for doing so has passed. In the motion, Defendants ask the Court for additional time up to and including April 6, 2015 to file responses to Plaintiffs' motions to compel discovery. [*Doc. 181* at 1]. Defendants state that the additional time is needed to continue negotiations with Plaintiffs regarding production of electronically stored information from a virtual server, and that they believe that "this will be sufficient time to conclude these discussions and resolve any issues raised in Plaintiffs' motion without the need for court intervention." *Id.* at 3. In response, Plaintiffs contend that Defendants have repeatedly stalled in producing information from this server, and contend that Plaintiffs' expert can run the searches if a

copy of the virtual server is given to him.  [*Doc. 185* at 1-5].  Defendants did not file a reply to their motion; however, on April 6, 2105, Defendants filed a combined response to Plaintiffs' motions to compel.  *See* [*Doc. 191*].  The Court finds that Defendants' motion for an extension of time is moot because they have filed a response to the motions to compel, and because Plaintiffs' objection to Defendants' request for an extension of time required briefing on the issue that extended past the requested extended deadline.  Moreover, many of the objections Plaintiffs raise with regard to Defendants' motion for an extension of time are addressed in the Court's orders on Plaintiffs' second motion for an order to show cause [*Doc 152*] and motions to compel [*Docs. 170 and 171*].  For these reasons, the Court finds that Defendants' motion is now moot.  However, the Court cautions counsel for Defendants that they have delayed far too long in producing relevant information to Plaintiffs from the virtual server(s),[1] and, as detailed in the Court's order on Plaintiffs' motions to compel, any further delays will not be tolerated.

**IT IS THEREFORE ORDERED** that Defendants' *Motion for Enlargement of Time (Doc. 181)* is found to be **MOOT.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that Credit Control stated in its response to Plaintiffs' second motion for an order to show cause [*Doc. 164*] that it created virtual server<u>s</u>, not just one virtual server.  *See* [*Doc. 164* at 3].  The Court uses the term "server" in this Order because the parties refer to only one virtual server in their briefs relating to Defendants' motion for enlargement of time.  However, the Court does not intend its use of the word "server" to preclude production of information from *all* of the virtual servers containing any relevant information, if there are more than one.